# JONES DAY

51 LOUISIANA AVENUE N.W.  •  WASHINGTON, DC  20001.2113

TELEPHONE: +1.202.879.3939 • JONESDAY.COM

Direct Number:  +1.202.879.5485
NJFRANCISCO@JONESDAY.COM

December 18, 2025

Christopher M. Wolpert
Office of the Clerk
U.S. Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257-1823

Re:  *Dunn v. Sante Fe Natural Tobacco Co., Inc.*, Nos. 23-2180 & 23-2181 –
Rule 28(j) Response Letter

Dear Mr. Wolpert:

Plaintiffs misplace reliance on *Cline v. Sunoco, Inc.*, 2025 WL 3199871 (10th Cir. Nov. 17, 2025). Doc. 205.

As Santa Fe has explained, certification is improper here for two reasons. *First*, none of the proposed classes satisfies Rule 23(b)(3) predominance, because Plaintiffs' claims turn on individual questions—including whether each claimant purchased NAS cigarettes, what representations each saw, and the inherently individualized circumstances underlying unjust enrichment. *Second*, Plaintiffs' proposed damages model flunks *Comcast*, because it does not isolate the injury from the alleged wrongdoing.

*Cline* does not undermine either argument. It does not address any comparable predominance argument. It does not address *Comcast* at all.

*Cline* does address "administrative feasibility," holding it can inform "superiority" but is not "a trump card." *Id.* *14. But Santa Fe never argued otherwise. Plaintiffs attribute that view to Santa Fe by quoting a passage in which Santa Fe quoted a Third Circuit opinion. Doc. 205; Defs.' Br. 55 (June 4, 2024). But Santa Fe was explaining *that court's* approach. Santa Fe's position, in contrast, is the one adopted by various courts, including the Second Circuit in *In re Petrobras Securities*, 862 F.3d 250 (2d Cir. 2017). Defs.' Br. 55-57. These cases explain that the need for individual inquiries into class membership *at least*

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

bears on predominance. That is a straightforward application of Rule 23(b)(3); it is not the standalone "administrative feasibility" argument *Cline* rejected. And that precludes certification, because the individual inquiries required to prove who purchased (among other things) will overwhelm any common ones. This Court need not say *anything* about "administrative feasibility" to rule for Santa Fe.

*Cline* is distinguishable for other reasons, too:

- That defendant unlawfully failed to keep records that would have identified class members. Op. *14.

- That district court found plaintiffs had other "reliable" means of identifying class members. *Id.* *3.

- Plaintiffs quote *Cline* as holding that certification is appropriate where "the focus at trial" will be on "common evidence in [defendant's] documents and business records." Doc. 205. But that is why the proposed classes here *fail* predominance: There is no such common evidence bearing on *several* liability questions.

Sincerely,

s/ Noel J. Francisco
Noel J. Francisco
*Counsel for Defendants-*
*Appellees/Cross-Appellants*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because its body contains 350 words as calculated by the word-count function of Microsoft Word. It complies with the type-face requirements of Rule 32(a)(5) and type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced type-face using Microsoft Word in 14-point Calisto MT font.

Dated: December 18, 2025

*s/ Noel J. Francisco*
*Counsel for Defendants-*
*Appellees/Cross-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2025, I electronically filed this letter with the Clerk of Court of the U.S. Court of Appeals for the Tenth Circuit by using the CM/ECF system. All participants are registered CM/ECF users and will be served by the CM/ECF system.

*s/ Noel J. Francisco*
*Counsel for Defendants-*
*Appellees/Cross-Appellants*